UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| RANDY SANDERSON, ISAIAH HUGHES & SONS TRUCKING, LLC, FINAL DESTINATION TRUCKING, LLC, CONWAY TRANSPORT, LLC, and BRANDON SOUDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JMS TRUCKING, INC. and JMS TRANSPORTATION CO., INC.,<br><br>Defendants. | Case No.: 1:22-cv-00059<br><br><br><br>**DEFENDANTS' PARTIAL MOTION TO DISMISS** |

Defendants, JMS Trucking, Inc. and JMS Transportation Co., Inc. (collectively "JMS"), under Federal Rule of Civil Procedure 12(b)(6), respectfully move the Court to dismiss certain claims in Plaintiffs' Class Action Complaint (ECF No. 1) for the following reasons:

1. On June 24, 2022, Plaintiffs, Randy Sanderson (Sanderson); Brandon Souder (Souder); Isaiah Hughes & Sons Trucking, LLC (Hughes & Sons); Final Destination Trucking, LLC (Final Destination); and Conway Transport, LLC (Conway) (collectively, Plaintiffs) filed their Class Action Complaint (Complaint).

2. Plaintiffs assert claims for (1) breach of contract (Count One), (2) violation of the federal leasing regulations under 49 U.S.C. § 14704 (Count Two), (3) fraud (Count Three), (4) breach of fiduciary duty (Count Four), (5) unjust enrichment (Count Five), and (6) a demand for an accounting (Count Six).

3. As explained in the attached brief in support of this motion, the following claims should be dismissed as to the following parties:

   a. Breach of Contract Claim: Conway

   b. Fraud Claim: all Plaintiffs

   c. Breach of Fiduciary Duty Claim: all Plaintiffs

   d. Unjust Enrichment Claim: all Plaintiffs

   e. Demand for an Accounting Claim: all Plaintiffs

4. Conway's breach of contract claim should be dismissed because Conway's Carrier Broker Agreement with JMS does not contain a promise to pay 100% of a fuel surcharge. Consequently, JMS has not breached this agreement as a matter of law.

5. Plaintiffs' claims for fraud, breach of fiduciary duty, and unjust enrichment are premised exclusively on allegations of fraud and, therefore, must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Plaintiffs have failed to plead these claims with particularity and, therefore, the claims should be dismissed. *See Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). Plaintiffs' final claim should be dismissed because a demand for an accounting is a remedy, not an independent cause of action.

Therefore, Defendants JMS Trucking, Inc. and JMS Transportation Co., Inc. respectfully request that the Court dismiss the claims and parties identified above.

Dated: August 19, 2022                              Respectfully submitted,

                                                                      */s/ Christopher J. Eckhart*
Christopher J. Eckhart, *admitted pro hac vice*
ceckhart@scopelitis.com
Karen B. Reisinger, *admitted pro hac vice*
kreisinger@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON &
FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-637-1777
F: 317-687-2414

Kevin J. Visser
Nicholas Petersen
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com
npetersen@spmblaw.com

*Attorneys for Defendants,*
*JMS Trucking, Inc. and JMS Transportation Co., Inc.*

4866-3423-2879, v. 4