UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| RANDY SANDERSON, ISAIAH HUGHES & SONS TRUCKING, LLC, FINAL DESTINATION TRUCKING, LLC, CONWAY TRANSPORT, LLC, and BRANDON SOUDER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>JMS TRUCKING, INC. and JMS TRANSPORTATION CO., INC.,<br><br>        Defendants. | Case No.: 1:22-cv-00059<br><br><br><br><br>**DEFENDANTS' BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS** |

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS .............................................................................................. 2

III. ARGUMENT ................................................................................................................... 3

    A. Standard of Review ............................................................................................... 3

    B. Conway's Breach of Contract Claim (Count One) should be dismissed because JMS was not required to pay Conway any fuel surcharge. ....................... 4

    C. The Fraud Claim (Count Three) should be dismissed as to all Plaintiffs because they have failed to satisfy the heightened pleading standard under Rule 9(b). ................................................................................................................ 5

        1. Plaintiffs have failed to comply with Rule 9(b). ......................................... 6

        2. In the alternative, Conway's fraud claim should be dismissed because its Broker Agreement does not contain a promise to pay any fuel surcharge. ................................................................................................. 8

    D. Plaintiffs' breach of fiduciary duty claim (Count Four) should be dismissed because Plaintiffs have failed to satisfy the heightened pleading standard under Rule 9(b) and, alternatively, have failed to plead a fiduciary relationship. ........................................................................................................... 9

    E. Plaintiffs' unjust enrichment claim (Count Five) should be dismissed because they have failed to satisfy the heightened pleading standard under Rule 9(b) and because the express written contracts between Plaintiffs and JMS control. ........................................................................................................ 12

    F. Plaintiffs' demand for accounting (Count Six) does not state a cause of action and, therefore, should be dismissed with prejudice. ................................ 13

IV. CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................................... 3

*Cemen Tech, Inc. v. Three D Indus., L.L.C.*,
 753 N.W.2d 1 (Iowa 2008) .................................................................................. 11

*Crumpley-Patterson v. Trinity Lutheran Hosp.*,
 388 F.3d 588 (8th Cir. 2004) ................................................................................. 3

*Downing v. Grossmann*,
 973 N.W.2d 512 (Iowa 2022) .............................................................................. 11

*Drobnak v. Andersen Corp.*,
 561 F.3d 778 (8th Cir. 2009) ......................................................................... passim

*DuTrac Community Credit Union v. Radiology Group Real Estate, L.C.*,
 891 N.W.2d 210 (Iowa 2017) ...................................................................... 4, 9, 11

*Erickson v. Pardus*,
 551 U.S. 89 (2007) ................................................................................................. 3

*Gen. Elec. Capital Corp. v. Union Planters Bank, N.A.*,
 409 F.3d 1049 (8th Cir. 2005) ............................................................................... 4

*Gorog v. Best Buy Co., Inc.*,
 760 F.3d 787 (8th Cir. 2014) ................................................................................. 5

*Hamilton v. Palm*,
 621 F.3d 816 (8th Cir. 2010 ................................................................................. 11

*In re NationsMart Corp. Sec. Litig.*,
 130 F.3d 309 (8th Cir. 1997) ................................................................................. 8

*Iowa Arboretum, Inc. v. Iowa 4-H Found.*,
 886 N.W.2d 695 (Iowa 2016) ............................................................................ 4, 5

*Iowa Waste Sys., Inc. v. Buchanan Cty.*,
 617 N.W.2d 23 (Iowa Ct. App. 2000) ............................................................ 12, 13

*Irons v. Cmty. State Bank*,
 461 N.W.2d 849 (Iowa Ct. App. 1990) .......................................................... 12, 13

*Kurth v. Van Horn*,
 380 N.W.2d 693 (Iowa 1986) ............................................................................................ 10, 11

*Kushner v. Beverly Enters., Inc.*,
 317 F.3d 820 (8th Cir. 2003) ..................................................................................................... 2

*Martin v. Chemtech, Inc.*,
 2015 WL 1332329 (Iowa Ct. App. 2015) ................................................................................. 9

*Mattes v. ABC Plastics, Inc.*,
 323 F.3d 695 (8th Cir. 2003) ..................................................................................................... 2

*Miller v. Komatsu Forklift U.S.A., Inc.*,
 2006 WL 8436453 (S.D. Iowa 2006) ........................................................................................ 4

*Owner-Operator Ind. Drivers Ass'n, Inc. v. C.R. England, Inc.*,
 508 F. Supp. 2d 972 (D. Utah 2007) ....................................................................................... 14

*Remmes v. Int'l Flavors & Fragrances, Inc., a New York Corp.*,
 389 F. Supp. 1080 (N.D. Iowa 2005) ........................................................................................ 6

*Riley v. Riley*,
 2017 WL 512477 (Iowa Ct. App. Feb. 8, 2017) ..................................................................... 13

*Streambend Prop. II, LLC v. Ivy Tower Minneapolis, LLC*,
 781 F.3d 1003 (8th Cir. 2015) ...................................................................................... 9, 10, 12

*Weimer v. Int'l Flavors & Fragrance*,
 240 F.R.D. 436-38 (N.D. Iowa 2007) ....................................................................................... 6

*Weltzin v. Cobank, ACB*,
 633 N.W.2d 290 (Iowa 2001) .................................................................................................. 10

*Whitney v. Guys, Inc.*,
 700 F.3d 1118 (8th Cir. 2012) ................................................................................................... 4

*Williams v. Pocahontas Ford-Lincoln, Inc.*,
 2020 WL 7021518 (Iowa Ct. App. Nov. 30, 2020) .................................................................. 5

**Statutes**

49 U.S.C. § 14704 ............................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 12 .................................................................................................................... 1, 2, 3

Fed. R. Civ. P. 9 ...................................................................................................................... 1, 3, 5

**Regulations**

49 C.F.R. § 371 ............................................................................................................................... 14

49 C.F.R. § 376 ...................................................................................................................... 1, 2, 14

Defendants, JMS Trucking, Inc. and JMS Transportation Co., Inc. (collectively, JMS), under Federal Rule of Civil Procedure 12(b)(6), respectfully submit this brief in support of their Partial Motion to Dismiss Plaintiffs' Class Action Complaint (ECF No. 1).

## I. INTRODUCTION

Complete dismissal of Plaintiffs' claims for fraud, breach of fiduciary duty, unjust enrichment, and a demand for accounting is appropriate in this case. Further, dismissal of Plaintiff Conway Transport, LLC's (Conway's) breach of contract claim is required because, even if the allegations in the Complaint are true, JMS did not breach its contract with Conway.

Plaintiffs, Randy Sanderson (Sanderson); Brandon Souder (Souder); Isaiah Hughes & Sons Trucking, LLC (Hughes & Sons); Final Destination Trucking, LLC (Final Destination); and Conway, are independent truck drivers and trucking companies that entered into contracts with JMS to transport freight for JMS's customers. Plaintiffs principally allege JMS did not pay them all of the fuel surcharge—payments made by shippers when the cost of fuel reaches certain levels—that JMS's customers paid JMS related to loads Plaintiffs hauled. Plaintiffs assert claims for (1) breach of contract, (2) violation of the federal leasing regulations (49 C.F.R. § 376.12) under 49 U.S.C. § 14704, (3) fraud, (4) breach of fiduciary duty, (5) unjust enrichment, and (6) a demand for an accounting.

Plaintiffs have failed to allege their fraud claims with sufficient particularity under Rule 9(b) of the Federal Rules of Civil Procedure (Rule 9(b)). And because Plaintiffs' breach of fiduciary duty and unjust enrichment claims depend upon Plaintiffs' fraud allegations, they also fail to satisfy the heightened pleading standard of Rule 9(b). Further, there is no private right of action to demand an accounting; therefore, the Court should dismiss this claim with prejudice. Finally, the Court should dismiss Conway's claim for breach of contract because its Carrier Broker Agreement with JMS does not contain a promise to pay it *any* fuel surcharge.

## II. STATEMENT OF FACTS

Plaintiffs, Sanderson, Souder, and Final Destination (collectively, the Owner-Operator Plaintiffs), are independent contractor owner-operators who contracted with JMS to use their own truck to deliver loads for JMS's customers. Compl. ¶¶ 2, 6, 14-18. Plaintiffs, Hughes & Sons and Conway (collectively, the Contract Carrier Plaintiffs), also contracted with JMS to deliver freight for JMS's customers. Compl. ¶¶ 21-24. The Contract Carrier Plaintiffs' relationship with JMS is governed by certain Carrier Broker Agreements (collectively, the Broker Agreements).[1] *Id.* ¶¶ 21-24; Exhibit A, Conway Carrier Broker Agreement. The Broker Agreements provide that the Contract Carrier Plaintiffs must "provide, as a contract carrier, the transportation services contemplated" in the agreements. Ex. A ¶ 2; Ex. B ¶ 2. The Broker Agreements state that "CARRIER [Conway/Hughes & Sons] specifically agrees that all freight tendered to it by BROKER [JMS Transportation] shall be transported on equipment operated only under the for-hire motor carrier authority of CARRIER [Conway/Hughes & Sons]." Ex. A ¶ 14; Ex. B ¶ 14. Therefore, as "authorized carriers" under 49 C.F.R. § 376.2(a), the Contract Carrier Plaintiffs delivered the freight under their own motor carrier authority issued by the U.S. Department of Transportation (DOT). Compl. ¶¶ 3-5, 21-24; Ex. A ¶¶ 2, 3, 14.

Plaintiffs allege that JMS failed to pay a fuel surcharge to Plaintiffs. Compl. ¶¶ 28-29, 32, 33-39. A fuel surcharge is a "reimbursement for fuel expenses incurred by the Plaintiffs in driving each load." *Id.* ¶ 29. Notably, the Broker Agreement between JMS and Conway does not contain a promise to pay a fuel surcharge. Ex. A ¶ 6(a). Instead, Conway's Broker Agreement provides

---

[1] The submission of this contract to the Court does not transform JMS's motion to dismiss into one for summary judgment. *See* Fed. R. Civ. Proc. 12(d). "When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting the motion to a motion for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)) (internal quotation marks omitted).

that "[u]nless otherwise stated in a separate Rate Confirmation Agreement signed by the PARTIES, CARRIER [Conway] will invoice and BROKER [JMS] will pay the rates and charges set forth in Appendix A." *Id.* (underline in original). Appendix A contains no reference to payment of a fuel surcharge. *Id.* at 10.

## III. ARGUMENT

The Court should dismiss Conway's breach of contract claim (Count One) because Conway's Broker Agreement did not provide for reimbursement of a fuel surcharge. The Court should completely dismiss Plaintiffs' fraud (Count Three), breach of fiduciary duty (Count Four), and unjust enrichment claims (Count Five) because Plaintiffs have failed to satisfy the heightened pleading standard required by Rule 9(b) for alleging fraud. Finally, the Court should completely dismiss Plaintiffs' demand for an accounting (Count Six) because it is not an independent cause of action.

### A. Standard of Review

Under Rule 12(b)(6), a party may move to dismiss claims that "fail[] to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). The Court must also draw "all reasonable inferences" from the complaint "in favor of the nonmoving party." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (internal citations omitted). However, a complaint that relies on "naked assertion[s]" devoid of "further factual enhancement," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555,

557. At the pleading stage, "[t]he question . . . is not whether [a plaintiff] might at some later stage be able to prove [his claims]; the question is whether [a plaintiff] has adequately asserted facts (as contrasted with naked legal conclusions) to support his claims." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012). Furthermore, "[i]n diversity cases, federal courts apply the substantive law of the state in which the district court sits." *Miller v. Komatsu Forklift U.S.A., Inc.*, 2006 WL 8436453 at *3 (S.D. Iowa 2006) (citing *Gen. Elec. Capital Corp. v. Union Planters Bank, N.A.*, 409 F.3d 1049, 1053 (8th Cir. 2005).

> **B.** **Conway's Breach of Contract Claim (Count One) should be dismissed because JMS was not required to pay Conway any fuel surcharge.**

To establish a breach of contract claim, Conway must demonstrate, among other requirements, that "the defendant breach[ed] of the contract in some particular way." *Iowa Arboretum, Inc. v. Iowa 4-H Found.*, 886 N.W.2d 695, 706 (Iowa 2016) (internal citations omitted). The plain language of Conway's Broker Agreement does not include a promise to pay it any fuel surcharge. Consequently, the Court should dismiss Conway's breach of contract claim because Conway is unable to prove an essential element of fraud as a matter of law.

"'In the construction of written contracts, the cardinal principle is that the intent of the parties must control, and except in cases of ambiguity, this is determined by what the contract itself says.' If the intent of the parties is clear and unambiguous from the words of the contract itself, [courts] will enforce the contract as written." *DuTrac Community Credit Union v. Radiology Group Real Estate, L.C.*, 891 N.W.2d 210, 216 (Iowa 2017) (internal citations omitted). Here, Conway's Broker Agreement is unambiguous in that it contains no promise to pay 100% of the fuel surcharge to Conway. Ex. A. The agreement provides that "[u]nless otherwise stated in a separate Rate Confirmation Agreement signed by the PARTIES, CARRIER [Conway] will invoice and BROKER [JMS] will pay the rates and charges set forth in <u>Appendix A</u>." *Id.* ¶ 6(a) (underline

4

in original). Appendix A does not contain or mention a promise to pay 100% of any fuel surcharge. *Id.* at 10. Nor does Conway allege in the Complaint that any separate Rate Confirmation Agreements exist that promised 100% of fuel surcharge to Conway. *See* Compl. at 1-18.

Because the four corners of Conway's Broker Agreement do not contain a promise to pay 100% of fuel surcharges to the company, JMS has not breached any obligations of this agreement. *See Iowa Arboretum, Inc.*, 886 N.W.2d at 706; *see also Williams v. Pocahontas Ford-Lincoln, Inc.*, 2020 WL 7021518 at *5 (Iowa Ct. App. Nov. 30, 2020) (unpublished table decision) (finding no notice was required before termination because contract did not contain a provision requiring notice before termination). The fact that Conway alleges that JMS breached its Broker Agreement in the Complaint is of no moment; when the allegations in a complaint conflict with the unambiguous language of an express written contract, the language of the contract controls. *See Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 793 (8th Cir. 2014) (affirming dismissal of complaint because the "breach-of-contract claim is foreclosed by the plain language of the [contract]."). Accordingly, the Court should dismiss Conway's breach of contract claim.

### C. The Fraud Claim (Count Three) should be dismissed as to all Plaintiffs because they have failed to satisfy the heightened pleading standard under Rule 9(b).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A plaintiff must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (internal citations omitted). The complaint must describe the "who, what, where, when, and how" of the alleged fraud. *Id.* (internal citations omitted). Heightened pleading under Rule 9(b) is "intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *Id.* (internal citations omitted).

### 1. Plaintiffs have failed to comply with Rule 9(b).

Plaintiffs have failed to plead their fraud claim with sufficient particularly to survive the pleadings stage. *See Drobnak*, 561 F.3d at 783. Plaintiffs may not rest on "conclusory allegations that a defendant's conduct was fraudulent and deceptive." *Drobnak*, 561 F.3d at 783 (internal citations omitted). Yet, this is precisely what Plaintiffs have done. The Complaint contains only general allegations of fraud and does not identify the "who," "where," "when," and "how" of the alleged fraud. *Id.* (internal citations omitted).

For example, Plaintiffs allege that JMS "adopted a policy and practice of making intentionally false, material, inaccurate, and incomplete disclosures of the full amounts billed to customers" regarding fuel surcharge, yet the Complaint is devoid of references to any specific individuals that made any allegedly fraudulent representations to Plaintiffs. Compl. ¶ 66. Plaintiffs also claim that JMS fraudulently failed to disclose material information, asserting that JMS "owed a duty to make a complete and accurate disclosure to the Plaintiffs" and that Plaintiffs "trusted and relied upon the JMS Defendants to *not* knowingly and purposefully make false disclosures." *Id.* ¶¶ 65, 75 (emphasis in original). Plaintiffs also claim that they "asked the JMS Defendants to provide true and accurate copies of the rated freight bills and other freight documentation" but that JMS refused. *Id.* ¶¶ 36-37. Yet, Plaintiffs fail to identify any persons connected with JMS who possessed a duty to disclose any information to Plaintiffs. Plaintiffs do not identify the person who requested information from JMS, the person at JMS that was contacted or refused to provide documentation, or the circumstances surrounding any such alleged request for documents. Failing to identify any persons who perpetrated the alleged fraud fails to comply with Rule 9(b)'s heightened pleading requirements. *See Weimer v. Int'l Flavors & Fragrance*, 240 F.R.D. 436-38 (N.D. Iowa 2007) (dismissing fraud claims where complaint did not identify persons alleged to have engaged in scheme to defraud plaintiff); *Remmes v. Int'l Flavors & Fragrances, Inc., a New*

6

*York Corp.*, 389 F. Supp. 1080, 1087-90 (N.D. Iowa 2005) (same); *see also Drobnak*, 561 F.3d at 783 (Rule 9(b) requires pleading the "identity of the person making the misrepresentation").

Plaintiffs have similarly failed to allege the "where"—the Complaint does not contain any allegations concerning the location of the alleged fraud. Plaintiffs merely allege that they "learn[ed] inadvertently that the JMS Defendants *may* have been misrepresenting the true amounts received from their customers." Compl. ¶ 36 (emphasis added). This does not identify any particular location and only vaguely refers to the circumstances under which Plaintiffs discovered the alleged fraud. Plaintiffs have also failed to identify the "who" regarding these allegations—Plaintiffs merely state that "certain drivers for the JMS Defendants, *including certain of the Plaintiffs*" are the victims of the alleged fraud. *Id.* Thus, it is not even clear if all the Plaintiffs were victims of the alleged fraud. And, in the end, Plaintiffs only allege that JMS *may* have been making misrepresentations to them. *Id.* These are precisely the sort of "conclusory allegations" that do not satisfy Rule 9(b). *Drobnak*, 561 F.3d at 783.

Plaintiffs have also failed to identify "when" the alleged fraud took place. The Complaint only identifies the dates Plaintiffs signed certain contracts. Compl. ¶¶ 14-16, 21-22. Plaintiffs broadly allege a "policy and practice" of fraudulent behavior and a failure to make required disclosures but they do not offer factual content to support these allegations. Compl. ¶¶ 36-37, 65-67, 75. Plaintiffs do not allege how many fraudulent transactions occurred, when the allegedly fraudulent scheme started or ended, or how long the allegedly fraudulent scheme continued. Plaintiffs also fail to identify the dates of any alleged communications to or with JMS and do not allege when they attempted to request documents from JMS. *See* Compl. ¶¶ 36-37. This is insufficient under Rule 9(b). *Drobnak*, 561 F.3d at 783.

7

Case 1:22-cv-00059-LTS-KEM   Document 19-1   Filed 08/19/22   Page 12 of 20

Finally, Plaintiffs have failed to allege "how" the fraud took place. Plaintiffs only vaguely allege that they "learn[ed] inadvertently that the JMS Defendants may have been misrepresenting the true amounts received from their customers." Compl. ¶ 36. Plaintiffs do not identify the circumstances under which they learned of any alleged fraud, how they determined that JMS was "misrepresenting" the true amounts received from its customers, or any other facts surrounding the occurrence of the alleged fraud. Plaintiffs also do not allege how JMS failed to make any required disclosures to them. Allegations of fraud must include "such matters as the . . . contents of false representations." *Id.* Plaintiffs have not identified any fraudulent statements made by JMS, only generically alleging that JMS made incomplete disclosures or failed to disclose required information. Compl. ¶¶ 66-67.

The Complaint makes only general assertions and does not specifically identify any persons, times, locations, or methods in support of Plaintiffs' allegations of fraud. *See In re NationsMart Corp. Sec. Litig.*, 130 F.3d 309, 320 (8th Cir. 1997) ("To satisfy Rule 9(b), the plaintiffs should have alleged, for example, who prepared the relevant figures and projections, when they were prepared, and who reviewed and evaluated the figures."). The Court should dismiss the fraud claim as to all Plaintiffs under Rule 9(b).

> **2. In the alternative, Conway's fraud claim should be dismissed because its Broker Agreement does not contain a promise to pay any fuel surcharge.**

Conway's fraud claim has no merit. The fundamental premise of Plaintiffs' fraud claim is that JMS had a contractual obligation to pay 100% of all fuel surcharge billed to its customers and that JMS misrepresented the amount it billed its customers to Plaintiffs. But as discussed above, JMS did not have a contractual obligation to pay Conway *any* fuel surcharge. Ex. A ¶ 6(a). Given that Conway's Broker Agreement does not contain any representation that JMS would cover 100% of any fuel surcharge, Conway has failed to allege that "[t]he defendant made a representation to

the plaintiff," which is a required element of fraud under Iowa law. *Martin v. Chemtech, Inc.*, 2015 WL 1332329 at *7 (Iowa Ct. App. 2015) (unpublished table decision). Ex. A ¶ 6(a). Furthermore, Conway has not pled facts demonstrating that JMS owed any duties of disclosure outside of the Broker Agreement; Conway simply posits that JMS owed Conway a duty to disclose certain information. *See* Compl. ¶¶ 65, 75. Such bare "conclusory allegations" are insufficient under Rule 9(b). *See Drobnak*, 561 F.3d at 783.

The fundamental premise of Plaintiffs' theory that JMS misrepresented a material fact is absent. Therefore, Conway's fraud claim should fail even if the Court concludes that the remaining Plaintiffs have sufficiently alleged fraud. *See DuTrac Cmty. Credit Union*, 891 N.W.2d at 216 (internal citations omitted) ("If the intent of the parties is clear and unambiguous from the words of the contract itself, [courts] will enforce the contract as written.").

### D. Plaintiffs' breach of fiduciary duty claim (Count Four) should be dismissed because Plaintiffs have failed to satisfy the heightened pleading standard under Rule 9(b) and, alternatively, have failed to plead a fiduciary relationship.

Plaintiffs' claim for breach of fiduciary duty should be dismissed for two reasons. First, the breach of fiduciary duty claim is not plead with particularity. Rule 9(b)'s heightened pleading requirements apply to more than just traditional fraud claims; "[c]laims 'grounded in fraud' must meet this heightened pleading requirement" as well. *Streambend Prop. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 (8th Cir. 2015) (internal citations omitted). Plaintiffs specifically allege fraudulent or deceptive behavior as evidence of a breach of a fiduciary duty owed to Plaintiffs: "the Plaintiffs and Class members trusted and relied upon the JMS Defendants to *not* knowingly and purposefully make false disclosures about, and withhold, the actual amounts held in constructive trust for the benefit of the Plaintiffs and members of the Class." Compl. ¶ 75 (emphasis added) (italics in original); *see also id.* ¶ 76 (alleging breaches of the "fiduciary duties

of loyalty, candor, and care attendant" because JMS was "failing to disclose the true amounts received and held pursuant to such a relationship of trust, and then withholding and misappropriating those amounts that were not properly disclosed.") (emphasis added). These statements allege fraudulent behavior on the part of JMS, namely, that JMS intentionally withheld information from Plaintiffs in an effort to deceive them and withhold fuel surcharge amounts properly owed to them. *See* Fraud, *Black's Law Dictionary* (11th ed. 2019) ("fraud" is "[a] knowing misrepresentation or knowing concealment of a material fact made to induce another to act to his or her detriment.").

Furthermore, the factual allegations in the Complaint that are common to all counts allege fraudulent actions and intent on the part of JMS. Compl. ¶¶ 33-39 (describing JMS's actions as "furtive[]," "false[]," "fraudulent," and "wrongful[] pocketing" of monies owed to Plaintiffs). Because Plaintiffs' breach of fiduciary duty claim is based entirely on allegations of fraud, it must satisfy the heightened pleading standard of Rule 9(b). *See Streambend Prop. II, LLC*, 781 F.3d at 1010. As discussed in Part D, *supra*, Plaintiffs have failed to plead the "who, what, where, when, and how" of the alleged fraud. *Drobnak*, 561 F.3d at 783. Having failed to plead with sufficient particularly, Plaintiffs' breach of fiduciary duty claim should suffer the same fate as the fraud claim and be dismissed. *See* Part D *supra*.

Second, Plaintiffs have failed to plead a fiduciary relationship between JMS and Plaintiffs. A fiduciary relationship "exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Weltzin v. Cobank, ACB*, 633 N.W.2d 290, 294 (Iowa 2001) (relying on the Restatement (Second) of Torts). Plaintiffs do not allege any facts or circumstances that would give rise to a fiduciary relationship between the parties. *See generally Kurth v. Van Horn*, 380 N.W.2d 693, 696 (Iowa

1986) (discussing factors). Plaintiffs have not alleged any special relationship of trust or confidentiality between the parties, such as the relationship of trust and confidence that inures in the physician-patient relationship, for example. *See generally Downing v. Grossmann*, 973 N.W.2d 512, 520 (Iowa 2022), *petition for cert. filed*. Neither have Plaintiffs alleged that JMS exercised any "influence" or "dominance" over them or that JMS took advantage of any "inequality" between the parties. *See Kurth*, 380 N.W.2d at 696; *Cemen Tech, Inc. v. Three D Indus., L.L.C.*, 753 N.W.2d 1, 13 (Iowa 2008); Compl. ¶¶ 23-39. Instead, the relationship between the parties was mutual and controlled by a contractual agreement that bound both parties. *See generally* Compl. ¶¶ 14-18, 21-24; Ex. A; Ex. B. Having failed to allege any facts in support of the existence of a fiduciary or confidential relationship apart from the parties' binding contracts, the Breach of Fiduciary Duty Claim should be dismissed. *See Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations and quotation marks omitted).

At a minimum, the Court should dismiss Conway's breach of fiduciary duty claim because it rests upon allegations that JMS improperly withheld fuel surcharge amounts that should have been paid to Conway. *See* Compl. ¶¶ 23-39. But, as indicated above, JMS had no obligation to pay Conway a fuel surcharge. Ex. A ¶ 6(a). And Conway does not allege that JMS owed any other fiduciary duties to it regarding fuel surcharge. Conway cannot avoid the plain language of its Broker Agreement by asserting a claim for breach of fiduciary duty. Thus, in the alternative, the breach of fiduciary duty claim fails as to Conway and should be dismissed. *See DuTrac Cmty. Credit Union*, 891 N.W.2d at 216.

11

### E. Plaintiffs' unjust enrichment claim (Count Five) should be dismissed because they have failed to satisfy the heightened pleading standard under Rule 9(b) and because the express written contracts between Plaintiffs and JMS control.

The unjust enrichment claim also fails for two reasons. First, this claim is "grounded in fraud" and Plaintiffs have, again, failed to plead with particularity. *Streambend Prop. II, LLC*, 781 F.3d at 1010. Plaintiffs' allegations as it relates to unjust enrichment rely exclusively on allegedly fraudulent and deceptive behavior on the part of JMS. Compl. ¶ 78-81 ("It would be inequitable to permit the JMS Defendants to retain such amounts intended as reimbursement for the out-of-pocket expenses incurred by the Plaintiffs and Class members . . . [when JMS] repeatedly misrepresented to the Plaintiffs and Class members the true amount that it was receiving for such reimbursements."). Furthermore, as observed above, the factual allegations common to all counts allege fraudulent actions and intent on the part of JMS. Compl. ¶¶ 33-39 (describing JMS's actions as "furtive[]," "false[]," "fraudulent," and "wrongful[] pocketing" of monies owed to Plaintiffs). Because Plaintiffs' unjust enrichment claim is based exclusively on these allegations of fraud, it must be pled in accordance with Rule 9(b)'s heightened pleading requirements. *See Streambend Prop. II, LLC*, 781 F.3d at 1010. As discussed in Part D, *supra*, Plaintiffs have failed to plead the "who, what, where, when, and how" of the alleged fraud. *Drobnak*, 561 F.3d at 783. Thus, the unjust enrichment claim should be dismissed for failure to comply with Rule 9(b). *See* Part D *supra*.

Second, the Plaintiffs' unjust enrichment claim fails as a matter of law because "[t]here cannot be both an express contract and an implied in law contract for the same thing existing at the same time." *Irons v. Cmty. State Bank*, 461 N.W.2d 849, 855 (Iowa Ct. App. 1990) (internal citations omitted). That is, unjust enrichment sounds in equity, not contract law, and such a claim will not lie if the relationship between the parties is governed by an express written contract. *See Iowa Waste Sys., Inc. v. Buchanan Cty.*, 617 N.W.2d 23, 29 (Iowa Ct. App. 2000) ("Unjust

12

enrichment on the other hand is not grounded in contract law but rather is a remedy of restitution.") (internal citations omitted).

Here, the parties have express written contracts—namely, the mutually binding Independent Contractor's Operating Agreements and the Broker Agreements. Compl. ¶¶ 14-18, 21-24; Ex. A; Ex. B. Plaintiffs rely upon the existence of these binding contracts, and openly allege they voluntarily entered into them. Compl. ¶¶ 14-18, 21-24. Plaintiffs emphasize their validity and binding nature. *Id.* ¶¶ 29-30, 35, 49 ("At all relevant times, the Plaintiffs and Class members entered into valid and enforceable contracts with the JMS Defendants in the form of the Leases— i.e., the Operating Agreement and the [Carrier Broker Agreements], containing materially identical provisions."). Consequently, Plaintiffs' unjust enrichment claim fails because binding contracts exist between the parties. *See Irons*, 461 N.W.2d at 855; *Iowa Waste Systems, Inc.*, 617 N.W.2d at 29.

### F. Plaintiffs' demand for accounting (Count Six) does not state a cause of action and, therefore, should be dismissed with prejudice.

The Court should dismiss Plaintiffs' demand for accounting claim because a "demand for an accounting" is a remedy, not a cause of action. If Plaintiffs succeed on any of their claims where injunctive relief is available as a remedy, then they can request that the Court order any necessary accounting. *See* Compl. at 18 (requesting "an order and judgment that the JMS Defendants must provide an accounting"). Nothing in the common law or the federal leasing regulations create a private right of action to request an accounting of a person or entity. *See Riley v. Riley*, 2017 WL 512477 at *7 (Iowa Ct. App. Feb. 8, 2017) (unpublished table decision) (ordering party "to provide information and an accounting" for three LLCs and characterizing those orders as "equitable *remedies*") (emphasis added).

The federal leasing regulations provide that authorized carriers must make certain accountings to lessors as part of lease agreements that are subject to the regulations. 49 C.F.R. § 376.12(k); 49 C.F.R. § 371.3 (federal broker regulations); *see generally Owner-Operator Ind. Drivers Ass'n, Inc. v. C.R. England, Inc.*, 508 F. Supp. 2d 972 (D. Utah 2007). But an order to conduct any accountings required by the regulations would be a judgment or remedy granted in favor of the Owner-Operator Plaintiffs on their federal leasing regulations claim. *See id.* Consequently, the Court should dismiss Plaintiffs' demand for accounting claim because it does not state an independent cause of action grounded in any statute, regulation, or common law.

## IV.  CONCLUSION

For the foregoing reasons, JMS Trucking, Inc. and JMS Transportation Co., Inc., respectfully request that the Court dismiss Count One as to Conway, with prejudice; and dismiss Counts Three, Four, Five, and Six as to all Plaintiffs, with prejudice.

Dated: August 19, 2022	Respectfully submitted,

*/s/ Christopher J. Eckhart*
Christopher J. Eckhart, *admitted pro hac vice*
ceckhart@scopelitis.com
Karen B. Reisinger, *admitted pro hac vice*
kreisinger@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-637-1777
F: 317-687-2414

Kevin J. Visser
Nicholas Petersen
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
P: 319-366-7641
F: 319-366-1917
kvisser@spmblaw.com
npetersen@spmblaw.com

*Attorneys for Defendants,*
*JMS Trucking, Inc. and JMS Transportation Co., Inc.*

4881-9077-0477, v. 13