UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| Randy Sanderson, Isaiah Hughes & Sons Trucking, LLC, Final Destination Trucking, LLC, Conway Transport, LLC, Brandon Souder, Brian Hott, James Terry, Tyler Mann, Austin Schaub, and Omegaline Logistics, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JMS Trucking, Inc., JMS Transportation Co., Inc., and JMS Dedicated Services L.C.,<br><br>Defendants. | CIVIL NO. 1:22-CV-00059-LTS-KEM<br><br><br>**ORDER GRANTING FINAL APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT, AWARDING ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS, AND FOR ENTRY OF FINAL JUDGMENT** |

WHEREAS, on May 19, 2023, the Parties to the above-captioned class action case (the "Action") entered into a Final Settlement Agreement (the "Settlement"), a copy of which is attached as Exhibit A to the Declaration of Michael D. Stinson in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Rule 23 Class Action Settlement [ECF 55-2, Ex. A], with all capitalized terms defined in the Settlement to be given the same meaning as those used herein;

WHEREAS, on June 9, 2023, the Plaintiffs filed their Unopposed Motion for Preliminary Approval of Rule 23 Class Action Settlement [ECF 55], to obtain the Court's preliminary approval of the Parties' Settlement; to obtain preliminary certification of the Class for purposes of effectuating the Settlement with the appointment of the Named Plaintiffs as the class representatives, Dorsey & Whitney LLP as Class Counsel, and Rust

Consulting as the Class Administrator; to obtain approval of the form and delivery of Notice to the Class Members; and to schedule a Final Approval and Fairness Hearing for the Court to consider, in light of objections and opt-outs, if any, final approval of the Settlement, Plaintiffs' requests for service awards, Rust Consulting's fees, and Class Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses;

WHEREAS, on June 13, 2023, the Court entered its Order Granting Preliminary Approval of Rule 23 Class Action Settlement and Providing for Notice [ECF 56], which preliminarily approved the Settlement as fair, reasonable, and adequate, certified the Class for settlement purposes only, approved the form, substance, requirements and plan of distribution of the Notice attached to the Settlement as Exhibit 1, and scheduled the Final Approval and Fairness Hearing to be held before this Court on September 1, 2023, at 3:00 p.m.;

WHEREAS, on June 19, 2023, Defendants filed proof in this Action that they had served a Class Action Fairness Act Settlement Notice ("CAFA Notice") on all federal and state officials required to be notified of the settlement in this Action [ECF 57];

WHEREAS, on August 8, 2023, the deadline for Class Members to object to or opt-out of the Settlement as set forth in this Court's Preliminary Approval Order expired;

WHEREAS, on August 22, 2023, Plaintiffs filed their Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses to Plaintiffs' Counsel, and Service Awards to Class Representatives [ECF 58];

WHEREAS, on August 22, 2023, Plaintiffs filed their Unopposed Motion for Final Approval of Rule 23 Class Action Settlement [ECF 59];

WHEREAS, on September 1, 2023, the Court held a Final Approval and Fairness Hearing to consider Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses to Plaintiffs' Counsel, and Service Awards to Class Representatives, and to consider Plaintiffs' Unopposed Motion for Final Approval of Rule 23 Class Action Settlement, at which time the Parties and any other interested

persons were given an opportunity to be heard in support of or in opposition to Plaintiffs' above-referenced Motions;

WHEREAS, appearing at the Final Approval and Fairness Hearing were Kirk Schuler and Michael D. Stinson of Dorsey & Whitney LLP as Class Counsel and Karen Butler Reisinger of Scopelitis, Garvin, Light, Hanson & Feary, P.C. as counsel for the Defendants, with no other interested party or person appearing in opposition to the Settlement or the motions at issue; and

WHEREAS, no Class Member submitted a timely objection or opt-out request form in opposition to the Settlement or Plaintiffs' requests for fees, expenses, and service awards, and, as of September 18, 2023, the requisite ninety days have passed since Defendants served the CAFA Notices as required under 28 U.S.C. § 1715(d).

NOW, THEREFORE, based upon the Court's review and evaluation of the Settlement and its terms and all of the filings, memoranda, records, exhibits, and proceedings herein, including the presentations made during the Final Approval and Fairness Hearing, and based upon the absence of any opposition to the Settlement and Plaintiffs' Motion for Fees, Expenses, and Service Awards, the Court finds that the Settlement is fair, reasonable, and adequate, and, further finds, that Plaintiffs' requests for fees, expenses, and service awards to the Class Representatives are justified and fair and reasonable. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows**:**

1. The Settlement [ECF 55-2, Ex. A] and Preliminary Approval Order [ECF 56] are incorporated herein and made part of this Final Approval Order. Unless otherwise provided herein, the capitalized terms used herein shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and Settlement.

2. This Court has jurisdiction over the subject matter of this Action, the Parties, including the Class Members, and all matters relating to the Settlement, including without limitation, the administration, interpretation, effectuation and/or enforcement of the Settlement, and this Final Approval Order.

*Certification of the Class and Appointment of Class Counsel and Class Representatives*

3. In the Preliminary Approval Order, this Court previously certified the Class for settlement purposes only pursuant to Federal Rule of Civil Procedure 23 defined as follows:

> All persons and entities, except any affiliate of JMS and/or their immediate family members, who/that, in the time between January 1, 2016 and March 1, 2023, hauled one or more loads pursuant to the terms of JMS's Independent Contractor's Operating Agreement or as a Dedicated Carrier as defined in the Settlement.

4. Certification of this Class is hereby reaffirmed as a final settlement Class pursuant to Federal Rule of Civil Procedure 23. This Court finds, on the record before it, that the Action, for purposes of this Settlement, may and should be maintained as a class action on behalf of the Class for the reasons set forth in the Preliminary Approval Order. More specifically, and in support of its holding reaffirming certification of the Class, this Court makes the following specific findings:

  a. The members of the Class are so numerous that joinder of all 232 Class Members in the Action would be impracticable under Rule 23(a)(1), *see, e.g.*, *Lowers v. United States*, No. 1-99-CV-90039 2001 U.S. Dist. LEXIS 23899, at *11 (S.D. Iowa May 4, 2001) (holding that the "numerosity" requirement is established presumptively if the class includes 40 or more members);

  b. There are questions of law and fact common to the Class that predominate over individual questions under Rules 23(a)(2) and 23(b), including threshold questions subject to common proof as to the meaning and effect of, and conduct alleged to have breached, the uniform contracts underlying the Plaintiffs' claims, *see, e.g.*, *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 778 (8th Cir. 2013) ("The predominance inquiry requires an analysis of whether a prima facie showing of liability can be proved by common evidence or whether this showing varies from member to member"); *see also Robin Drug Co. v. Pharmacare Mgmt. Servs.*, No. 03-3397 (PAM/RLE), 2004 U.S. Dist. LEXIS 8618, at *12 (D. Minn. May 13, 2004) (certifying

a class whose members were each subject to the same contract as the named plaintiffs); *accord Custom Hair Designs by Sandy v. Cent. Payment Co., LLC*, 984 F.3d 595, 601 (8th Cir. 2020);

      c.    Because the claims of the Plaintiffs and the Class arise from the same alleged practices and policies that are alleged to have breached the same contractual and statutory duties owed by the Defendants, the claims of the Plaintiffs are typical of the claims of the Class under Rule 23(a)(3, *see, e.g.*, *Paxton v. Union Nat'l Bank*, 688 F.2d, 552 561 (8th Cir. 1982) (holding that the "typicality" requirement of Rule 23(a) is met if the claims involve the "same legal or remedial theory"); *accord Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977);

      d.    Class Counsel and the Named Plaintiffs can continue to fairly and adequately represent and protect the interests of the Class under Rule 23(a)(4) as evidenced by the favorable and pro rata Settlement negotiated for the benefit of the Class, the qualifications and experience of Class Counsel, the alignment of the interests of the Named Plaintiffs with the interests of the absent Class Members, and the absence of any indication of "antagonistic or conflicting interests" between or among any of them, *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); and

      e.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy under Rule 23(b) because requiring Class Members to bring individual actions based upon the same claims and evidence would impose a needless and wasteful burden on the Parties and the Court, and is not feasible for most of the Class Members as evidenced by the fact that no individual action asserting these claims has been brought before this one. *In re Uponor, Inc.*, No. 11-MD-2247, 2012 LEXIS 90294, at *18 (D. Minn. June 29, 2012) (finding that the lack of individual cases filed by the absent class members was probative of superiority); *Williams v. Wells Fargo Bank, N.A.*, 280 F.R.D. 665, 675 (S.D. Fla. 2012) (finding superiority met when "the economic reality" was "that many of the class members would never be able to prosecute their claims through individual lawsuits").

5

5. In the Preliminary Approval Order, this Court previously appointed the Named Plaintiffs in the Action, Randy Sanderson, Isaiah Hughes & Sons Trucking, LLC, Final Destination Trucking, LLC, Conway Transport, LLC, Brandon Souder, Brian Hott, James Terry, Tyler Mann, Austin Schaub, and Omegaline Logistics, LLC, as representatives of the Class and hereby reaffirms this appointment, finding, on the record before it, that the Class Representatives have and continue to adequately represent the interests of the Class.

6. In the Preliminary Approval Order, this Court previously appointed the law firm of Dorsey & Whitney LLP as Class Counsel for purposes of the Settlement and hereby reaffirms that appointment, finding, on the record before it, that Class Counsel has and continues to adequately and fairly represent the interests of the Class.

### *Notice to the Class*

7. In the Preliminary Approval Order, this Court approved the form, substance, and requirements of the Notice of Proposed Settlement of Class Action (the "Notice") attached to the Settlement as Exhibit 1, and, furthermore, found that the form and content of the Notice and the method of dissemination and publication of the Notice informing the Class of the Settlement and its terms and conditions satisfies the requirements of the Federal Rules of Civil Procedure and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto. This Court now reaffirms its findings that the Notice: (i) constitutes the best notice practicable to the Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Action, their rights to appear at the Final Approval and Fairness Hearing (including by or through their own counsel at their own expense), and the binding effect of the Settlement if finally approved; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive the same; and (iv) fully satisfies all applicable requirements at law, including those under the Rule 23 of the

Federal Rules of Civil Procedure and under the United States Constitution (including the Due Process Clause).

8. In the Preliminary Approval Order, this Court approved the appointment of Rust Consulting, Inc. as the Settlement Administrator (the "Administrator"), and ordered: (a) that the Administrator shall cause the Notice to be mailed, by first class mail, postage prepaid, within 14 days of the Preliminary Approval Order, to all Class Members identified in the Final Class List, and at such time shall also cause the Notice to be transmitted by email to all Class Members for whom JMS has an email address in its records; (b) that the Administrator shall cause the Notice to be posted on the Settlement Website pursuant to the terms of the Settlement; and (c) that Plaintiffs' Counsel shall, as part of their motion for Final Approval, file with the Court proof of mailing of the Notice and the establishment of the Settlement Website.

9. The record submitted by Plaintiffs' Counsel shows, and the Court finds, that on June 27, 2023, the Notice was provided to the Class in the form and manner as approved and directed by this Court in its Preliminary Approval Order. In accordance with the directives of this Court in its Preliminary Approval Order, the Administrator has caused the Notice to be timely mailed and emailed to the Class Members, and has caused the Notice, the Preliminary Approval Order, and the subsequent filings relevant to these proceedings to be timely uploaded and maintained on the Settlement Website.

10. In the Preliminary Approval Order, this Court directed that the Class Members shall be bound by the Settlement and all determinations and judgments in this Action concerning the Settlement, including, but not limited to the releases provided for therein, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner as directed therein by no later than 42 days after the mailing of the Notice by the Administrator. As the record shows, the Court finds that as of the date of this Final Approval Order, no Class Member requested exclusion from the Class after the mailing of the Notice.

7

Case 1:22-cv-00059-LTS-KEM    Document 61    Filed 09/18/23    Page 7 of 16

11.     In the Preliminary Approval Order, this Court further directed that the Court will consider objections to the Settlement, the Plaintiffs' requests for service awards, and/or the award of attorneys' fees and reimbursement of expenses only if such objections and any supporting papers, are filed in writing with the Court and served upon counsel of record, including Class Counsel, within 42 days of the mailing of the Notice by the Administrator. As the record shows, the Court finds that as of the date of this Final Approval Order, no Class Member objected to the Settlement or to Plaintiffs' requests for service awards, attorneys' fees, and to be reimbursed for expenses.

12.     Accordingly, having found that the Class was given due and adequate notice of the proceedings herein and a full opportunity to be heard and to participate in the Final Approval and Fairness Hearing, it is hereby determined that all Class Members are bound by this Final Approval Order and Judgment. No Class Members are excluded from the Class, from the terms of the Settlement, or from the effect of this Final Approval Order and Judgment.

### *Final Approval of the Class Settlement*

13.     To determine whether a settlement is fair, reasonable, and adequate such that it should be approved under Rule 23(e), district courts typically consider four factors: "(1) the merits of the plaintiffs' case weighed against the terms of the settlement, (2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement." *E.g.*, *Carroll v. Flexsteel Indus.*, No. 21-CV-1005-CJW-MAR, 2022 U.S. Dist. LEXIS 158123, at *5 (N.D. Iowa Sept. 1, 2022) (quoting *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015)). After applying these criteria, this Court finds that the Settlement should be fully and finally approved pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable, adequate, and in the best interests of the Class.

14. Specifically, the Court finds that the Settlement is fair, reasonable, and adequate, and should be finally approved, given the following facts established by the record:

   a. Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Parties' claims and defenses in the Action while negotiating the Settlement;

   b. The $5.25 million Settlement Fund constitutes greater than 96% of the underpayment or compensatory damages alleged to have been incurred by the Class as a whole and will result in an average net distribution from the Residual Settlement Fund of more than $15,000 to each Class Member *after* fees, expenses, service awards, and costs of administration – an outcome that is plainly reasonable in light of the Class's prospects at a better recovery and the risks of a lesser recovery or no recovery at all had the case continued to the dispositive motion, class certification, or trial stages in the litigation;

   c. The monetary benefits conferred to the Class under the Settlement are well within the range of what other courts have concluded to be reasonable in evaluating and approving class action settlements resolving similar claims, *see, e.g.*, *Stephens v. C&K Trucking, LLC*, No. 1:20-cv-04305 (N.D. Ill. Sept. 28, 2022), ECF Nos. 70, 85 (reflecting an approved mediated class action settlement in a similar underpayment case brought on behalf of a class of contractor-drivers that resulted in an average net distribution of $2,058 per driver);

   d. The Settlement resulted from a mediator's proposal issued by former Chief Judge for the Northern District of Iowa, the Honorable John A. Jarvey (Ret.) after months of informed, good faith, and extensive arms' length negotiations between experienced and skilled counsel during the mediation process;

   e. According to the Parties, the negotiations included serious consideration of the financial condition and ability to pay of the Defendants, who

ultimately required an express term granting Defendants until at least December 15, 2023, to fund the Settlement Payment as a result of these considerations;

   f.  In reaching the Settlement at this stage in the Action, the Plaintiffs and Class Members will avoid substantial additional delay and expense for, among other things, attorneys' fees, substantive expert reports, depositions, and dispositive motions that would have otherwise materially diminished the value of their recovery if forced to continue litigating to verdict, *see, e.g.*, *Keil v. Lopez*, 862 F.3d 685, 698 (8th Cir. 2017) (recognizing that the avoidance of additional fees and costs is a substantial benefit conferred by a class action settlement); and

   g.  The reaction of the Class to the Settlement has been uniformly positive, with no Class Member submitting an objection or request for exclusion; and

 15. This Court also finds that the pro rata plan of allocation from the Residual Settlement Fund to Class Members accounts for the strength and magnitude of each respective Class Member's damages claim, and is, therefore, also fair and reasonable, further supporting final approval of the Settlement. *E.g.*, *Huyer v. Wells Fargo & Co.*, 314 F.R.D. 621, 626 (S.D. Iowa 2016) (approving class settlement with pro rata plan of allocation); *Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc.*, No. 8:02CV553, 2007 U.S. Dist. LEXIS 15547, at *9 (D. Neb. Mar. 2, 2007) ("The Plan provides a pro rata distribution of the Net Settlement Fund among all class members . . . such an allocation is equitable and reasonable").

 16. This Court also finds that the scope of the release of the Released Claims provided by Class Members as consideration for, and upon timely receipt of, the Settlement Payment by the Defendants is fair, reasonable, and equitably limited to only those underpayment claims for which the Class is being compensated from the Settlement Fund.

 17. Accordingly, the Settlement shall be consummated in accordance with its terms and provisions and in accordance with the directives of this Court as stated herein, and, subject only to this Court's continuing jurisdiction to enforce the Settlement, this

Court hereby orders that this Action shall be dismissed with prejudice on the merits and without an award of costs or attorneys' fees except as otherwise provided for to Class Counsel as set forth in this Final Approval Order below.

### *Attorneys' Fees, Costs, and Class Service Awards*

18. At the conclusion of a successful class action case, class counsel may apply to the court for an award of attorneys' fees and for the reimbursement of their related expenses under Federal Rule of Civil Procedure 23(h). Pursuant to the Settlement, Class Counsel may request an award of up to 35% of the Settlement Fund for its attorneys' fees and up to $25,000 from the Settlement Fund as reimbursement for its litigation expenses.

19. Because the Settlement is a common-fund settlement, it is appropriate to employ the "percentage of the fund" method when evaluating Class Counsel's request for fees. *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) ("It is well established in this circuit that a district court may use the 'percentage of the fund' methodology to evaluate attorney fees in a common-fund settlement").

20. As set forth in Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses to Plaintiffs' Counsel, and Service Awards to Class Representatives, Class Counsel requests a fee award of 30% of the Settlement Fund ($1,575,000) and reimbursement of $12,623.20 in litigation expenses, and no Class Member has objected to Class Counsel's request.

21. The Court, having reviewed the declarations, exhibits, and points and authorities submitted in support of Class Counsel's request for attorneys' fees and reimbursement of costs, hereby approves Class Counsel's request for an award of attorneys' fees in the amount of $1,575,000 and for reimbursement of litigation expenses in the amount of $12,623.20, for a total of $1,587,623.20 to be paid to Class Counsel from the Settlement Fund (the "Fee and Expense Award"). The Court finds that the Fee and Expense Award is reasonable, fair, and appropriate under the circumstances based on its evaluation of the factors set forth in *Johnson v. Georgia Highway Express*, 488

F.2d 714, 719-20 (5th Cir. 1974), including this Court's consideration of: (1) the time and work required, (2) the result achieved, (3) the preclusion of other opportunities and engagements, (4) the contingent nature of the fee, (5) the typical amount of a contingency fee for this type of work, and (6) the experience, reputation, and ability of the attorneys of record.

22. The Court finds that the requested Fee and Expense Award is in line with the standard and typical fee awards approved by other courts in similar common fund cases throughout the Eighth Circuit. *See, e.g., In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) ("We [the Eighth Circuit Court of Appeals] have approved the percentage-of-recovery methodology to evaluate attorneys' fees in a common-fund settlement such as this, and we find no abuse of discretion in the district court's awarding 36% to class counsel who obtained significant monetary relief on behalf of the class."); *Kelly v. Phiten USA, Inc.*, 277 F.R.D. 564, 571 (S.D. Iowa 2011) ("33% of the settlement award is fair compensation for Class Counsel").

23. The Court's finding that the Fee and Expense Award is fair, reasonable, and justified, is further confirmed by a "lodestar cross-check" as against Class Counsel's lodestar. As set forth in Class Counsel's supporting papers, the Fee and Expense Award is approximately twice the amount of Class Counsel's lodestar, which is again, well within the range courts within the Eighth Circuit have approved in similar contingency class action cases. *Nelson v. Wal-Mart Stores, Inc.*, No. 2:04CV000071, 2009 U.S. Dist. LEXIS 71253, at *3–7 (E.D. Ark. Aug. 12, 2009) (approving a 2.5 multiplier); *Cohn v. Nelson*, 375 F. Supp. 2d 844, 862 (E.D. Mo. 2005) ("[C]ourts typically apply a multiplier of 3 to 5 to compensate counsel for the risk of contingent representation"); *In re Xcel Energy, Inc.*, 364 F. Supp. 2d 980, 999 (D. Minn. 2005) (approving 4.7 multiplier of loadstar); *In re Charter Comm's, Inc.*, No. 4:02-CV-1186, 2005 U.S. Dist. LEXIS 14772, at *54–57 (E.D. Mo. June 30, 2005) (approving multiplier of 5.6).

12

24. And perhaps most importantly, this Court finds that a 30% fee award to Class Counsel is also reasonable in light of the significant monetary recovery and result obtained for the benefit of the Class under the Settlement.

25. With respect to Class Counsel's request for an award of $12,623.20 as reimbursement for the litigation expenses listed at Exhibit D to the Declaration of Michael D. Stinson in Support of Plaintiffs' Unopposed Motions: (1) for Final Approval of Rule 23 Class Action Settlement, and (2) for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses to Plaintiffs' Counsel, and Service Awards to Class Representatives (the "Stinson Declaration"), the Court finds that these items were each incurred in the prosecution of the Action, total less than the $25,000 allocated to Class Counsel's expenses as set forth in the Settlement, and are also fair and reasonable.

26. The Settlement also provides that Plaintiffs may request Service Awards to be paid from the Settlement Fund to each of the Class Representatives, provided that such awards do not exceed $125,000 in total. In class action cases, courts routinely grant service awards to compensate class representatives for the services they provided and risks that they incurred for the benefit of the class.

27. Here, Plaintiffs request a total of $115,000 in Service Awards in varying amounts ranging between $5,000 and $25,000 to each of the Class Representatives as compensation for their respective contributions and service for the benefit of the Class. No Class Member has objected to the Plaintiffs' requests.

28. The Court finds that the requested Service Awards are in line with service awards that have been approved as fair and reasonable in other analogous cases for the commensurate contributions of class representatives. *See Tussey v. ABB, Inc.*, No. 06-CV-04305, 2019 U.S. Dist. LEXIS 138880, at *18 (W.D. Mo. Aug. 16, 2019) (approving $25,000 service awards to the class representatives); *Cook v. Niedart*, 142 F.3d 1004, 1016 (7th Cir. 1998) (same); *Sauby v. City of Fargo*, No. 3:07-cv-10, 2009 U.S. Dist. LEXIS 70270, at *9 (D. N.D. July 16, 2009) (approving $15,000 service

13

awards); *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017) (approving $10,000 service awards).

29. Accordingly, the Court, having reviewed the declarations, exhibits, and points and authorities submitted in support of Plaintiffs' request for Class Service Awards, including the Stinson Declaration, hereby approves the Plaintiffs' requests as follows: (1) $25,000 to both Randy Sanderson and Final Destination Trucking, LLC, (2) $15,000 to Conway Transport, LLC, (3) $10,000 to each of Brandon Souder, Brian Hott, Austin Schaub, and Omegaline Logistics, LLC, and (4) $5,000 to both Tyler Mann and James Terry (collectively, the "Class Service Awards").

30. The Court further reaffirms its Preliminary Approval Order at Paragraph 15 directing that, in accordance with the terms of the Settlement, the Administrator, Rust Consulting, Inc., may be paid its reasonable and customary fees and costs associated with giving Notice to the Class and in administering the Settlement of up to $45,000.00 (the "Administrator Expenses"), with such amounts to be drawn from the Settlement Fund in the event of final approval without need for any further order of the Court.

31. The Administrator shall pay the Fee and Expense Award in the total amount of $1,587,623.20 to Class Counsel from the Settlement Fund upon receipt of the Settlement Payment from the Defendants without delay.

32. The Administrator shall pay the Class Service Awards to each of the Class Representatives upon receipt of the Settlement Payment from the Defendants without delay.

33. The Administrator shall be paid its Administrator Expenses from the Settlement Fund upon receipt of the Settlement Payment from the Defendants without delay.

34. After issuing payment of the Fee and Expense Award, the Class Service Awards, and the Administrator Expenses, the Administrator shall cause the Residual Settlement Fund to be distributed to each of the Class Members in accordance with the terms of the Settlement.

## *Other Provisions*

35. This Court has jurisdiction to enter this Final Approval Order and Judgment, and expressly retains exclusive and continuing jurisdiction over the Settlement, including the Final Class Settlement Agreement and all matters relating to the administration, consummation, validity, enforcement, and interpretation of this Settlement and Final Approval Order and Judgment. For these purposes, this Court may issue whatever additional or supplemental orders relating to the Settlement as it deems necessary.

36. The Parties, Class Counsel, and the Administrator are hereby directed to carry out and perform their remaining obligations under the Settlement.

37. The Administrator shall establish the Settlement Fund and, with the Parties, accomplish whatever is necessary to ensure that the Administrator stands ready to accept the transfer of the Settlement Payment from Defendants when it becomes due.

38. This Final Approval Order and Judgment is final for purposes of appeal, and because no timely objections to the Settlement were submitted, the Effective Date of the Settlement is the date of this Final Approval Order.

39. Defendants shall transfer the Settlement Payment to the Administrator for deposit in the Settlement Fund by no later than December 15, 2023, or within 35 days of the date of this Final Approval Order, whichever date occurs later.

40. Upon timely receipt by the Administrator of the Settlement Payment from Defendants, the Class Representatives and all Class Members shall be deemed by operation of this Final Approval Order permanently barred and enjoined from prosecuting against Defendants and the Released Persons any of the Released Claims as defined in the Settlement.

41. This Action is **dismissed with prejudice** subject to the Court's continuing jurisdiction as described herein and in the Settlement. The Clerk of this Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED** this 18th day of September, 2023.

_____
Leonard T. Strand, Chief Judge